**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**CORHONDA CORLEY, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                      **NO. 25-739-BAJ-SDJ**

**WAYNE STEWART, ET AL.**

## ORDER

Before the Court is a Motion to Stay Discovery Pending Resolution of Defense of Qualified Immunity (R. Doc. 48) filed by Defendants Wayne T. Stewart; Hammonds, Sills, Adkins, Guice, Noah & Perkins, LLP; East Baton Rouge Parish School Board; Dadrius Lamus; Janet Armelin Harris; Ashley Patterson; Rodney Coates; Eva Ava Adolfo; Natalie Tillman-London; and Rodney Walker. In their Motion, Defendants urge this Honorable Court to stay all discovery until the Court rules on Defendants' potentially dispositive Rule 12(b)(6) Partial Motion to Dismiss for Failure to State a Claim.[1]  In Plaintiff's original Petition, Plaintiff raised numerous claims against individual Defendants, including claims under 42 U.S.C. § 1983.[2] In response to the claims raised by Plaintiff under § 1983, multiple individual Defendants affirmatively raised the defense of qualified immunity.[3] For the reasons set forth below, Defendants' Motion to Stay Discovery is **granted**.

Rule 26(c) of the Federal Rules of Civil Procedure allows a court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as

---

[1] R. Doc. 30.
[2] *See generally* R. Doc. 1.
[3] R. Doc. 30-1 at 12-13.

distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976)).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity, stating:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Id.* at 310-14. The Fifth Circuit expressly held that

the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id.* at 313.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Id.* (quoting *Iqbal*, 556 U.S. at 686).

Here, individual Defendants in this case asserted that they are entitled to the defense of qualified immunity as to the claims raised by Plaintiffs under § 1983.[4] Defendants assert that with their well-founded assertion of the defense of qualified immunity, the involved individual Defendants are "shielded not only from liability but also from 'the costs of trial [and] … the burdens of broad-reaching discovery.'"[5] The individual Defendants are thus shielded from the burdens of discovery and this Court shall stay all discovery until all qualified immunity issues have been resolved.

---

[4] R. Doc. 30-1 at 12-13.
[5] *Lion Boulos*, 834 F.2d at 507 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).

Accordingly,

**IT IS ORDERED** that the Motion to Stay Discovery (R. Doc. 48) filed by Defendants is **GRANTED**, and discovery is **STAYED** until further order of the Court.

**IT IS FURTHER ORDERED** that, upon a Ruling on Defendants' pending Motions to Dismiss, the Parties shall contact the undersigned as soon as possible for the issuance of a new Scheduling Conference Order, if any claims remain.

Signed in Baton Rouge, Louisiana, on July 10, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**